The next case call for oral argument is Michael v. Precision Alliance Group and counsel, whenever you're ready, you may proceed. May it please the court, my name is Dawn Wolf, I represent the Plaintiff Appellants We're here in the courtroom today, Wayne Michael, Alan Holman, and Craig Klumke in this retaliatory discharge case against their former employer, Precision Alliance. This is the second time that we're here. The first time was an appeal of a motion for summary judgment which the trial court granted and this court reversed. This is an appeal of a decision after a bench trial last year in which the trial court, I believe all agreed, applied the wrong standard of law. Instead of applying the well-established decades-old standard of elements for retaliatory discharge cases which require three elements, discharge in retaliation for an employee's action and the discharge violates a clear mandate of public policy. The trial court, for some reason, looked to a 1991 1st District case interpreting the Illinois Human Rights Act and required plaintiffs to establish some additional elements and by doing that required plaintiffs to meet two burdens of proof to prove causation and then to prove pretext. The trial court found that plaintiffs established they were discharged, their discharges violated a clear mandate of public policy and found a causal nexus between those two elements. But because the trial court grafted those additional elements onto the three retaliatory discharge elements, the trial court ruled in defendant's favor. Plaintiffs therefore asked this court to reverse and remand for a hearing on damages. Again, this is the second appeal of this case. In the first appeal, the plaintiffs appealed the trial court's grant of summary judgment in favor of the defendant and when this court remanded the case, this court gave the trial court guidance citing the well-established precedent, 1985 decision in Barr v. Kelso-Barnett, giving those three elements. And what's really interesting, I went back and looked at the record in preparing for this oral argument. When the trial court granted summary judgment a few years ago and it listed the elements of the case way back when, the court had the right elements back then when it granted summary judgment to the defendant. But for some reason, when the trial court ruled after the trial, the judge got the wrong elements and applied this McDonnell-Douglas employment discrimination hybrid kind of set of elements to the case. Did the judge indicate why he did that? No, he did not. Was the briefing centered around the federal law? No. The closest, and I mean, this is even a stretch, and I don't want to blame the defendants at all, but the only close, and it's really a stretch, is in one case that the defendant cited, they alluded to a federal case interpreting, I think it may have been Bourbon v. Kmart, where the 7th Circuit was interpreting in a diversity case. I think it was Illinois retaliatory discharge law, and back then the federal courts interpreted Illinois retaliatory discharge law under McDonnell-Douglas, but they since changed the way they do it. They don't do that anymore. But even then, that's really a stretch to blame any of the parties. So I don't know where he got this first. So there was no briefing that was submitted? No, Your Honor. So anyway, the case was tried in March. The judge ruled in October, and then he left the bench, and so there was really no chance to try to fix anything. Just briefly, the facts, and I'm sure the Court's pretty familiar with the facts. This involves these mini-bulks, and mini is sort of one of those oxymorons because these are 2,000-pound bags of soybeans. So there's a ton of soybeans in these bags, and they were underweight, and the plaintiffs were involved in reporting these underweight bags to the state, and the state showed up at Precision 10 years ago. And Precision had to shut down for 10 days and reweigh 3,000 bags of soybeans, and they were given a choice by the state, either refill the bags to proper weight or relabel them, and they chose to refill the bags. And a couple of weeks after finishing the reweighing, they fired one of the plaintiffs, and then within the next few weeks after that, they fired the other two as part of a reduction in force. And in the interim, Precision went around trying to figure out who did it and threatened all three plaintiffs, saying that, you know, if we figure out who did this, they're going to be fired. Those are the essential facts of the case. The law, as I mentioned, for decades in Illinois has been that there are three elements, and this is what the parties all advanced in their briefs. They engaged in protected activity. The court found that the plaintiffs engaged in protected activity. There's absolutely no dispute that the defendants committed adverse actions against them. They were all fired, and the trial court found that there was a causal nexus between the protected activity and the plaintiff's discharge. These three elements that the court somehow turned into what it called a prima facie case appear to be the same as the well-established retaliatory discharge elements, and the trial court already found that the plaintiffs established those elements, so the trial court should have stopped its analysis there and moved on to the issue of damages. But instead of doing that, the trial court said that all the defendant had to do was articulate a legitimate, what it said was non-discriminatory reason, even though this isn't a discrimination case, and it didn't have to prove it, and then the plaintiffs then had the burden of proving really what amounts to a defense. Did the trial court actually say that, articulate but you don't have to prove? Yes. The trial court said if the plaintiffs established a prima facie case, a rebuttable presumption arises that the defendant unlawfully discharged the plaintiffs. To rebut the presumption, the defendant must articulate but not prove a legitimate non-discriminatory reason for its decision. It's on page one of the trial court's decision. So it never required the defendant to prove its defense. On page two of the opinion, though, it continues on to say that there is a causal nexus, there is a finding. Right. There's a finding of a causal nexus. So that, what we would argue, is enough for us to prevail under Illinois case law,  because under retaliatory discharge law, we had the protected activity, we had the discharge, and we had the causal nexus, and that should have been it. All of these extra things were extra elements that were just tacked on, and when there are extra elements, there's error. Did your complaint plead a common law retaliation, correct? That's all. It's just common law retaliation. So is there an affirmative defense to the common law retaliation? I'm not aware of an affirmative defense, and if there was one, it certainly was never pled. It was never pled. Okay.  Thank you, counsel. Excuse me. Counsel. You may please report. My name is Julie Gottschall. I'm appearing on behalf of Defendant Apelli, Precision Alliance Group. The trial court here oversaw this case for 10 years. After a three-day bench trial, the trial court found, in my client's favor, finding that there was not a retaliatory motive for terminating the three plaintiffs. That involved credibility determination, and that determination should be upheld on appeal. What plaintiff is attempting to do here is to take an unfortunate citation used by the trial court and use that as the basis to effectively overrule what were credibility determinations. That shouldn't be allowed. The use of that case was a harmless error, and for that reason the decision of the trial court should be affirmed. I think we need to begin by looking at the case law that should have been used in the case that was, in fact, cited and discussing the difference between the two. So, Ms. Gottschall, you agree that to use the May case was improper. I agree that the May case was not the best case to use. What sets the elements that are not true under Illinois common law, or at least are in conflict with Justice Bogan and his prior opinion? I don't believe that they are. Let me explain why. Okay. The May case was improper in the sense that it wasn't a retaliatory discharge case under common law. Therefore, it was not the best case to cite. That's why neither party cited it in the extensive post-hearing briefs that they submitted to court. That much is true. I don't know where the trial court came up with it. It was Ms. Duvall. But here's the difference between Clemens, the Illinois Supreme Court case that sets forth the elements for a retaliatory discharge case, and May. In Clemens, the court said, we don't go through the shifting burdens analysis that sets forth in May because that would be too favorable for the plaintiffs. Under Clemens, the plaintiff has the burden of proving discharge in retaliation for protected activity and a violation of public policy, as plaintiff's counsel has said. In May, using the shifting burdens, if the plaintiff at least sets forth some evidence, not necessarily persuasive evidence, but some evidence on those three elements, then the burden shifts to the defendant to put forth a non-retaliatory, legitimate reason for the discharges. Under Clemens, Clemens said, no, no, no, we don't do that. The defendant never has a burden. They can say nothing. They don't have to produce anything. We don't want to make retaliatory discharge cases easier for the plaintiff to bring by putting any burden on defendant. So May is wrong in the sense that the judge citing that case in his order and in his analysis said, hey, the plaintiff put forth some evidence on that prima facie case, now the burden shifts. That's wrong. The burden should not have shifted. The reason that's harmless error is because it made the case tougher for defendants. It didn't make it tougher for plaintiffs as they're claiming. It made the case tougher for defendants. What the trial court then went on to say was, okay, I've heard the legitimate non-retaliatory reason that's been advanced by defendants. Now I'm going to look and see if plaintiffs can show that that is a pretext for retaliation. That is not putting a second burden on the plaintiffs. That is an extension of their burden to prove the case that existed at the beginning. So all the defendant had to do was articulate, but not prove the reasons for the discharge. That's exactly right. That's exactly right. And if you look, first of all, if you read Clemens and Gasek, Gasek versus American Airlines, that is a Seventh Circuit case. It is cited in our brief. It is a very good articulation of why courts should not be using the shifting burdens analysis in retaliatory discharge cases under Illinois law. And that case, too, says it's not because it makes it tougher on plaintiffs by giving them an additional burden. It's that it makes it tougher on the defendants. The burden leads to all the state of the plaintiff. Those two cases say that. But there is not a burden on defendants to prove their defense. And I'm not sure exactly where plaintiffs are coming up with that. I would commend the court to, first of all, the analysis that was used by this very court in the Renner versus LTI trucking services case. This case is not in our brief, but I would nonetheless ask that you read it. It's 2011 Westlaw 10501277. Why don't you submit that as a supplement, and then counsel will give you an opportunity to rebut, make any comment or whatever. Is that a new case? It's not a new case. I'm not sure why we didn't find it in the first instance, which I apologize to all. But in that case, it does very clearly say, it uses the shifting burden analysis to say the plaintiff proves his prime evasion defense, then the employer has the burden to articulate, not prove, articulate some legitimate reason for discharge. And if the employer meets that burden, the plaintiff must then prove by a preponderance of evidence that the legitimate reason advanced is a pretext for discrimination. Now that may sound like it's putting an additional burden on the plaintiffs, but it's not. Let me give you an example. Let's take a discrimination case that somebody brings. They say, hey, I think I was terminated because I'm a white male. And the employer comes in and says, no, no, we didn't terminate you for that reason. We terminated you because you wore a purple shirt on Tuesday. Your boss doesn't like purple shirts. He doesn't like Tuesdays. And so he fired you. The defendant doesn't have to prove that a purple shirt was worn, that it was a Tuesday, or that that was the reason. The plaintiff has to disprove, or I'm sorry, has to prove that, in fact, it was really race discrimination that motivated that discharge. So what if the court says, well, wait a minute, a purple shirt on a Tuesday, race discrimination. I don't know. Either one could be true. That's what the fact finder concludes. Who wins? The defendant wins because the plaintiff didn't carry their burden. The employer doesn't have to prove its reason. It has to put it out there, and the plaintiff, the burden is on the plaintiff to disprove that reason. That is always true. What if the court says, wait a minute, that's ridiculous. I'm the fact finder. I think it's ridiculous. Nobody would fire somebody for wearing a purple shirt on a Tuesday. I don't believe your reason. Does the plaintiff win? No. Not necessarily. The plaintiff still has to prove that the real motivation was race discrimination. The same analysis holds true here, whether it's Clemens, whether it's the shifting burdens in May. Whatever construct the court uses, the court must get, and the trial court did get, to the final ultimate question, which is what was the motivation for these terminations? Now, here. I want to ask you about your scenario about the purple shirt. If the plaintiff has already put their case on for retaliation, and then you come in and talk about a purple shirt on a Tuesday, what is the plaintiff to do? Re-put on their evidence? You're asking them to shift the burden that's almost impossible to prove. It seems like the employer could come in every day and say the same thing under your scenario. How would you ever disprove that? It's their burden to show that it's race discrimination. The employer could sit there and say no. I'm not talking about race. Racial discrimination doesn't exist in the common law, but maybe it does. But I'm talking about this case, retaliation. So you think there's an affirmative defense to retaliation under Illinois common law? We did not raise an affirmative defense. The idea that we had a different reason for terminating them is not an affirmative defense. But then if a judge weighs your reason and the reasoning of what he's heard the testimony to be, and then finds, as he did in this order, that there's a direct causal link, you're saying then you still get the right to put on the shifting evidence. Well, what I'm saying, and it's an important point that I'm glad you raised, is the court heard all of the evidence. It heard plaintiff's reasons. It heard defendant's reasons. And after hearing all of that evidence, the court found that the legitimate reasons set forth by the defendant had not been disproven by the plaintiff. Both can't be true. Now, it cannot be that the plaintiff cannot disprove our reasons, but has proven their motivations. It's a question of motivation. There's a motivation. And that's exactly what this court said when it remanded the case for trial. It said, I'm going to get exactly the right language here, but it said that it was sending the case back. It said, the question of whether there is a causal connection to an employee's discharge or whether an employee was discharged for a valid non-protectional reason is not right for summary judgment. That's what it sent back for a decision. And that is what the court did. I think that there is implicit in the plaintiff's argument a misreading of the trial court's decision. Plaintiff contends that the trial court found that there was a causal connection. I don't think that's what the trial court did, and I think a close reading of the decision that was issued makes that clear. The court does say, the court finds there's a causal connection between the plaintiff's reporting and their firing. It does say that on its face, but if you go on to read the court's further reasoning, it says, although there's no direct evidence, there was circumstantial evidence that defendants may have thought a plaintiff was involved because of their relationships. May have thought a plaintiff was involved is not tantamount to an explicit finding that each of these three plaintiffs were terminated because they were involved, and the company knew them to be involved in this action. I think what the court is doing is what courts typically do on summary judgment when they engage the shifting burdens analysis, is to say, look, I see there's some evidence here that could establish a causal connection. I also see there's some evidence here that there's a legitimate reason. The court then went on to say, I believe the evidence that there wasn't pretext. Both of those things can't... If, in fact, the trial court had believed a causal connection, it couldn't have gone on to find that the plaintiff didn't disprove the legitimate reason set forth by defendants. Those two things cannot enter judgment in favor of defendants. Those things cannot mutually coexist. And if you look at all of the case law, Clements, there's many cases, and we cite them in our brief, that say what the fact finder is to do in this case is to decide was there a retaliatory motive, or did the plaintiff succeed in disproving the legitimate explanation set forth by defendants? Here they did not. And I read the trial court's decision in its totality. It becomes very clear that the trial court did not believe the plaintiffs had disproven the legitimate reason, which means they cannot prevail in this case. If they have not proven that the legitimate reason wasn't true, then judgment is appropriate for the company. That's what the court found here. Was there evidence offered at trial on the workforce and the reduction in force? There was a great deal of evidence that was presented on that. And, in fact, again, the court doesn't give a fulsome analysis of that evidence. It's spelled out very clearly in the post-trial briefs that were submitted. But what the court did find is the court said, you know, there's evidence that the defendant discharged other employees at the same time and were not involved. There was certainly a great deal of evidence that the writ was a legitimate writ, that there was a legitimate need for the company to cut back on its workforce, and that hasn't been contested by anybody. I think it's important to note that plaintiffs haven't argued that the decision reached was against the manifest weight of the evidence. Certainly there is evidence that would support that it was a legitimate writ, that the procedure used to select these individuals for that writ was legitimate, and that, in fact, the company made it a reasonable business determination. That's ultimately what the court found. The same with Mr. Homan, who was terminated outside of the writ, prior to the writ, for engaging in forced play with the forklift. And there the court found that he admitted that what he did was wrong. There were statements by other employees that they believed that it was deliberate forced play and not an accident as he attempted to claim at trial, and that there was a past practice of the company of terminating people for forced play with the forklift. So, again, the court, when it reached the ultimate decision, call it pretext, call it the ultimate question on motive, it got to the place, using May, it got to the place that Clemens would take you, but just take you there quicker, and it found that there were legitimate reasons to discharge these individuals. That defeats the retaliatory discharge rule. I'd like to address, although we think that the court ought to find in this situation that the trial court's use of the May decision was harmless error and uphold the decision on that basis, that it would be highly improper for the court to actually overturn the decision reached by the trial court and enter judgment on behalf of plaintiffs. That's clearly contradictory to what the trial court found after having an opportunity to weigh all of the evidence and the credibility of the witnesses, and that would be not proper. Basically, I think that the plaintiff's challenge to the trial court's decision is nonsensical. What they're arguing is that the trial court found causation, then considered defendants' legitimate non-protectional reason for termination, did not find the defendants had proven that reason, but still found for the defendants, because plaintiffs did not disprove the reason that the defendants did not prove. It doesn't make sense. Those things don't mutually coexist comfortably. In fact, what the trial court did after weighing all of the evidence was find that the legitimate reason for discharge set forth by the company was a believable reason, and that defeats the retaliatory discharge claim under all of the cases cited in our brief. For that reason, we ask that the trial court, I'm sorry, that the appellate court uphold the trial court's decision. Are there any other questions? I don't believe there are. Thank you, counsel. Okay, thank you. Counsel? This case was not decided under Clemens in name or as a practical matter. This case didn't take Clemens and make it go any quicker. In fact, according to the appellate court in Clemens, it was quoted in the Sicurka case, which we did cite, which is from the third district, the mere existence of a valid or sufficient reason, which is the articulation of a legitimate non-retaliatory reason, does not defeat a retaliatory discharge claim, which is what the court did here. If an employer chooses to come forward with a valid, non-pretextual basis for discharging its employees and the trier of fact believes it, the causation element required to be proven is not met. So the trier of fact has to believe it, which means the burden of proof is on the defendant. Here, as stated on page one of the trial court's decision, the trial court didn't think he had to believe it. He thought the burden of proof was on the plaintiff to disprove something where the burden of proof was on the defendant. In footnote 3 of its brief, the defendant says that it's a pretty outrageous notion that the defendant should have to prove something where the burden of proof is on them, but I think it's the other way. If the defendant raises a defense, then the defendant should have to prove it. One of the things about McDonnell Douglas, and it's just a mess, which is why, thank goodness, the Illinois Supreme Court doesn't use it here, but the Seventh Circuit in retaliation cases under Title VII has rejected McDonnell Douglas for retaliation cases where it uses this construct for retaliation. If a plaintiff proves this prima facie case as set forth by the trial court here where there has been, you know, where the plaintiff proves protected activity and causation, the plaintiff doesn't also have to prove pretext because the Seventh Circuit says, you know, you don't have to meet two burdens of proof. I'd like to think I came up with that myself, but I didn't. I copied that from the Seventh Circuit because they rejected that a number of years ago, and so they say that if the plaintiff proves those three elements, that's enough, then the burden of proof shifts to the defendant to prove that they would have made the same decision anyway. So there's no more of this articulation of a legitimate nondiscriminatory reason. And under May, if you notice, our trial court didn't even apply May correctly. Instead of saying pretext for discrimination or pretext for retaliation, our trial court said that the plaintiffs have to prove that whatever the defendant said was the reason for their discharge was a pretext for discharge, and if you think about it, it makes it even more confusing because it doesn't even make sense under the law. I mean, it would be impossible to prove that their discharge was a pretext for their discharge. The court just got it wrong, and I think we can all agree that the court got it wrong, and the case needs to be reversed, which is what... I mean, that's what the case law says. When the trial court gets it wrong, the case needs to be reversed. The only question is what's going to happen, and we would ask that the court reverse for a hearing on damages and not require another full trial on the merits. There's no other question. Are there any other questions? I don't think there are. Thank you, counsel. We appreciate the briefs and arguments of all counsel. We'll take the case under advisement. Thank you.